STILL *v.* BARDEN *et al.*

No. 16892.   JANUARY 13, 1950.

*William G. McRae* and *Robert M. McCartney,* for plaintiff.
*W. S. Northcutt, Durwood T. Pye, E. A. Wright,* and *James W. Dorsey,* for defendant.

HAWKINS, Justice. (After stating the foregoing facts.) The pertinent provisions of the Fulton—School Employees' Pensions Act (Ga. L. 1945, p. 528) are as follows:

The title of the act is in part "An Act to provide in Fulton County a system for pension and retirement pay to teachers and employees of the Board of Education of Fulton County; . . to provide for the retirement of teachers and employees; to provide for the payment of pensions to teachers and employees on retirement; . . to provide for computing of time of service and giving credit thereon," etc.

Section 1 provides: "The following terms, when used in this Act, shall have the following meanings unless the context clearly requires otherwise: . . (6) 'Member' means a teacher or employee contributing to the pension fund before retirement. (7) 'Pensioner' means a member after retirement under this Act or by reason of being a beneficiary."

Section 4 of the act is as follows: "Every teacher and employee, as defined herein, of the Board of Education in active service and on the payroll of the Board of Education of Fulton County as of May 1, 1945, and all future teachers and employees of said school system may, as a matter of right, retire from active service in said school system provided he shall have served (a) at least 25 years and has reached the age of 55 years, or (b) has had 20 years' service and has reached the age of 60 years. It shall be compulsory for all teachers and employees to retire at the end of the fiscal school year nearest their 65th birthday."

Section 5 of the act provides: "When any teacher or employee shall retire, voluntarily or automatically, according to age, and has credit for the number of years' service as provided herein, he shall be paid a monthly pension which shall, as to amount, be the equivalent of one-half of the monthly salary or wage of such teacher or employee, arrived at by taking the average monthly salary paid during the five consecutive years that the teacher or employee drew his highest monthly salary or wage."

It is contended by the plaintiff that, since he was a "member," contributing to the pension fund before retirement, and was compelled to retire under the terms of section 4, upon reaching the age of 65 years, he became a "pensioner," as defined by subparagraph 7 of section 1 of the act, and entitled to the monthly pension provided by section 5, regardless of

the number of years of service as an employee of the Board of Education of Fulton County, and that there is nothing in the act which requires an employee to have served a particular number of years prior to reaching his 65th birthday and his compulsory retirement by reason thereof, as a condition precedent to his right to receive a pension under the act. The plaintiff contends that, since it is admitted that he was an employee, as defined by section 1, subparagraph 2, and that he retired under the provisions of section 4 of the act, he became a "pensioner" as defined by section 1, subparagraph 7, and entitled to a pension as provided for under section 5.

With this contention we cannot agree. It is conceded by counsel for both the plaintiff and the respondents that the plaintiff's right to a pension, if any, must be found within the four corners of the act of 1945 (Ga. L. 1945, p. 528) as it existed at the time he left the service of the county. Section 4 of the act makes provision for the retirement of employees, and provides that an employee of the school system may, "as a matter of right, retire from active service in said school system provided he shall have served (a) at least 25 years and has reached the age of 55 years, or (b) has had 20 years' service and has reached the age of 60 years. It shall be compulsory for all teachers and employees to retire at the end of the fiscal school year nearest their 65th birthday."

Section 5 of the act fixes and prescribes when a pension shall be paid and the amount thereof, and provides: "When any teacher or employee shall retire, voluntarily or automatically, according to age, *and has credit for the number of years' service as provided herein,* he shall be paid a monthly pension which shall, as to amount, be the equivalent of one-half of the monthly salary or wage of such teacher or employee, arrived at by taking the average monthly salary paid during the five consecutive years that the teacher or employee drew his highest monthly salary or wage."

While under section 4 of the act one who reaches the age of 65 years is compelled to retire, or is automatically retired because of age, section 5 provides that before such an employee, either retiring as a matter of right or automatically according to age under the terms of section 4, shall be paid

the pension therein fixed, he shall also have "credit for the number of years' service as provided herein," which could mean nothing else but that the retiring employee must have served the number of years prescribed by section 4 before he is entitled to a pension, and under that section he must have served 25 years before he can retire at the age of 55, and 20 years before he can retire at 60 years of age, and if automatically retired because of reaching the age 65, he must have served at least 20 years before he is entitled to a pension.

To hold, as contended by the plaintiff, that the definition of "pensioner" as contained in subparagraph 7 of section 1 entitled a member employee who has retired to a pension regardless of the number of years' service, would render meaningless the following clause of section 5: "and has credit for the number of years' service as provided herein." To further illustrate the fallacy of such a construction, suppose an employee has been employed at the age of 63 and was compelled to retire or automatically retired at the age of 65, after serving only two years, could it be seriously contended that he would be entitled to a pension under the terms of section 5, and if so, how would the amount thereof be ascertained? Section 5 provides that the amount of the payments to be made to any pensioner shall be the equivalent of one-half of the monthly salary or wage of such employee, arrived at by taking the average monthly salary paid during the five consecutive years that the employee drew his highest monthly salary or wage, and this is the only method prescribed by the act for computing a pension for a retired employee.

We hold that, under the provisions of the act of 1945 (Ga. L. 1945, p. 528), an employee who was automatically retired prior to the passage of the amending act of 1949 (Ga. L. 1949, p. 1466), upon reaching the age of 65 years, and who did not have credit for at least 20 years' service, is not entitled to a pension under section 5 of the act.

It is argued that such a construction of the act would be inequitable and unjust when an employee has been a member of the pension fund and paid his contribution as required by the act; that he has thus contributed to the pension fund, but receives nothing in return therefor. We cannot agree with this

contention. Under section 9 of the act it is provided that any employee who severs his connection with the Board of Education before retiring, or dies before being entitled to retire, then he or his estate, as the case may be, shall be entitled to a refund from said pension fund of all contributions made by such employee, less a charge not to exceed one-half of one percent per year. By section 13 of the act it is provided that any member who shall, because of accident or illness, become permanently and totally disabled within the meaning of the act, and who has been in the employment of such school system for a period of ten years, may apply for and obtain retirement on account of total and permanent disability, and shall be entitled to receive as a pension such percentage of the full pension provided for as his years of service bear to twenty-five years. To illustrate: a person receiving a pension at the expiration of ten years of service would be entitled to receive 10/25ths of the amount he would have received had he served a period of 25 years, except that in no case would he be entitled to receive more than 25/25ths. The plaintiff had this protection by reason of his contribution to the pension fund, and it cannot be said that he received nothing for his contribution. It is admitted that this construction of the act of 1945 is not as beneficial to the member as might be desired by him, but this court is controlled by the act as written, and the General Assembly has sought to remedy this deficiency in the act by the amendment of 1949 (Ga. L. 1949, p. 1466) by providing in section 27 thereof that "Every member now employed by the Board of Education compelled to retire on account of age and not otherwise entitled to a pension under said act as amended shall receive a pension in the sum of four ($4.00) dollars per month for each full year of service accumulated to the credit of such member at the time of retirement plus the additional fractional part of four ($4.00) dollars per month as a pension corresponding to the whole number of months of service completed in any additional year of employment." The right to enact this remedial legislation is vested by the Constitution of this State in the General Assembly, and not in this court by construction.

We are constrained to hold, as contended by the respondents

that, under the provisions of the original act of 1945 (Ga. L. 1945, p. 528), an employee of the Fulton County Board of Education, who is "compelled" to retire on account of age under the provisions of section 4 of the act, and who does not have to his credit the number of years' service as provided therein, is not entitled to a monthly pension under the provisions of section 5 of the act. The trial court, therefore, properly denied the prayer for mandamus absolute.

*Judgment affirmed. All the Justices concur, except Almand, J., not participating.*